# In the United States Court of Federal Claims

No. 16-1691C
(Filed: March 14, 2018)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

CITY OF WILMINGTON, DELAWARE,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**Judgment on the Pleadings; Sovereign Immunity; Waiver; Exhaustion; Clean Water Act, 33 U.S.C. § 1323; Interest.**

_____

Christopher D. Pomeroy and Paul T. Nyffeler, Aqualaw PLC, 6 S. 5th Street, Richmond, VA 23219, and Luke W. Mette and Rosamaria Tassone, City of Wilmington Law Department, 800 N. French Street, 9th Floor, Wilmington, DE 19801, Of Counsel, for Plaintiff.

Chad A. Readler, Robert E. Kirchman, Jr., Deborah A. Bynum, Franklin E. White, Jr., and Douglas T. Hoffman, U.S. Department of Justice, Civil Division, Commercial Litigation Branch, P.O. Box 480, Ben Franklin Station, Washington, D.C. 20044, for Defendant.

_____

## OPINION AND ORDER
_____

**WILLIAMS**, Judge.

The City of Wilmington, a municipal corporation of the State of Delaware ("Wilmington"), brought the instant action to recover "reasonable service charges" under Section 1323 of the Clean Water Act for control and abatement of stormwater pollution. Plaintiff assessed service charges on five properties owned and operated by the Army Corps of Engineers within the Wilmington city limits from January 4, 2011, through December 19, 2016. Defendant does not dispute that it failed to pay those service charges.

Plaintiff moved this Court for partial judgment on the pleadings pursuant to Rule 12(c), asserting that Defendant waived its right to contest issues it could have raised if it had brought an administrative appeal under Wilmington City Code § 45-53(d)(7). Defendant did not bring an administrative appeal, and while Defendant could still bring an administrative appeal, the administrative tribunal can only adjust future fee assessments—not the past assessments at issue here. Plaintiff argues that because Defendant could have challenged the stormwater fee calculations "on the basis of site-specific, technical information" in an administrative appeal but

chose not to do so, it waived its right to raise such challenges here.  Plaintiff asserts that this result is compelled by either the Clean Water Act or the exhaustion doctrine.

The Court denies Plaintiff's motion for partial judgment on the pleadings.  The administrative appeal provided for by the Wilmington City Code is permissive, rather than mandatory.  Accordingly, Defendant's failure to submit an administrative appeal did not violate the Clean Water Act, and the exhaustion doctrine does not preclude Defendant from challenging the City's assessments here.

Defendant also moved for partial judgment on the pleadings, asking this Court to find that Plaintiff cannot recover interest as a matter of law.  Defendant contends that Section 1323 does not expressly waive sovereign immunity with respect to interest, and absent such an express waiver, interest is unavailable.  Further, Defendant contends that Plaintiff has misapplied its own local law, which Defendant asserts does not provide for interest in this context.

The Court denies Defendant's motion for partial judgment on the pleadings.  The issue of whether the Clean Water Act waives sovereign immunity with respect to interest is an issue of first impression in this Circuit that is not amenable to judgment at this preliminary stage, given that the parties dispute the meaning of the statute.  Accordingly, while Defendant may renew its argument at a later stage, Defendant's motion is denied.

## **Background**[1]

The City of Wilmington owns and operates a municipal storm sewer system that conveys only stormwater, and a combined sewer system that conveys a combination of stormwater and sanitary waste.  Wilmington manages both systems with a goal of reducing stormwater pollutants discharged into rivers, streams, lakes, and other bodies of water.  Wilmington assesses fees on property located within its city limits and places such fees in an enterprise fund used exclusively for the provision of stormwater services and facilities.  Wilmington City Code § 45-53.  Wilmington also assesses penalties and interest if property owners do not pay such fees in a timely fashion.

Defendant owns and controls five properties within Wilmington's jurisdiction that are at issue in this lawsuit.  Plaintiff claims that it assessed stormwater fees against these five properties that in the aggregate totaled $1,577,368.40 as of December 16, 2016, plus interest of $1,185,929.24.  In response to Defendant's motion for judgment on the pleadings, Plaintiff concedes that it is not entitled to $124,790.21 in penalties that were included in this amount, adjusting the principal it seeks to recover to $1,452,578.19.  Pl.'s Opp'n 1.  Defendant neither paid the amounts assessed when it received invoices from Plaintiff in 2011 through 2016, nor invoked the administrative appeal rights afforded it by the Wilmington City Code.

Plaintiff filed its Complaint on December 22, 2016, and Defendant filed its Answer on April 24, 2017.  By motion dated October 4, 2017, the parties jointly asked the Court to permit them to file motions for partial judgment on the pleadings and to stay discovery until the motions

---

[1]    This background is derived from the parties' respective motions for judgment on the pleadings.  This background should not be construed as findings of fact.

are resolved. The Court granted the parties' motion by Order dated October 5, 2017, and briefing on the motions for partial judgment on the pleadings concluded on December 21, 2017.

## Discussion

### Jurisdiction and Legal Standards

The Court has jurisdiction over this action pursuant to the Tucker Act, 28 U.S.C. § 1491 (2012). The Tucker Act waives sovereign immunity and provides this Court with jurisdiction over specific categories of claims against the United States, including those claims "founded either upon the Constitution, or any Act of Congress or any regulation of an executive department . . . in cases not sounding in tort." § 1491(a)(1). "[T]he claimant must demonstrate that the source of substantive law he relies upon can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained." United States v. Mitchell, 463 U.S. 206, 216-17 (1983) (internal citation and quotation marks omitted). Section 1323(a) of the Clean Water Act "may fairly be interpreted to mandate the payment of money by the government" because it mandates that the United States "shall" pay "reasonable service charges." DeKalb Cty., Georgia v. United States, 108 Fed. Cl. 681, 695-96 (2013) (explaining that the word "shall" generally makes a statute money-mandating).

RCFC 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." The Court will only grant a motion for judgment on the pleadings where "it appears to a certainty" that the nonmoving party "is entitled to no relief under any state of facts which could be proved in support of [its] claim." Owens v. United States, 851 F.2d 1404, 1407 (Fed. Cir. 1988) (internal citation and quotation omitted). The Court must "assume each well-pled factual allegation to be true and indulge in all reasonable inferences in favor of the nonmovant." Id. "A motion for judgment on the pleadings should be denied unless it appears to a certainty that [the nonmoving party] is entitled to no relief under any state of facts which could be proved in support of [its] claim." Johns-Manville Corp. v. United States, 12 Cl. Ct. 1, 14 (1987) (internal citations omitted). See also Xianli Zhang v. United States, 640 F.3d 1358, 1376 (Fed. Cir. 2011) (affirming judgment on the pleadings in favor of defendant where the Court found that the governing statute subjected the plaintiff to the taxes at issue and it was not entitled to a tax refund as a matter of law).

### Defendant is Not Precluded from Challenging Plaintiff's Fee Assessments in This Forum

Plaintiff asks the Court to rule that Defendant cannot "contest [Plaintiff's] stormwater calculation based on site-specific, technical information, namely land surveys, gross parcel area, total impervious area, type of surface material, and similar evidence" that could have been considered in an appeal under the Wilmington City Code § 45-53(d)(7). Pl.'s Mot. 2.[2] Plaintiff

---

[2] Plaintiff differentiates between "site-specific" challenges to the charges and challenges based on Plaintiff's "general methodology," and asserts that only the latter can be challenged in this forum. Regardless of whether its motion is granted, Plaintiff acknowledges it must prove that "the properties' stormwater charges are based on some fair approximation of the proportionate contribution of the properties to stormwater pollution" and Defendant could still contest "whether Wilmington City Code § 45-53 provides some fair approximation of the proportionate contribution of stormwater pollution by vacant properties like the properties at the center of this litigation."

raises two interconnected arguments in support of its position.  First, Plaintiff argues that Section 1323(a) of the Clean Water Act obligates the Government to comply with local administrative procedures and that the Government violated this provision by failing to file an administrative appeal that Plaintiff claims was mandated by the local Wilmington Code.  Second, Plaintiff argues that the exhaustion doctrine prohibits Defendant from raising arguments here that it could have— but did not—raise in an administrative appeal.  The Court is not persuaded by either argument.

With respect to Plaintiff's first argument, Section 1323(a) of the Clean Water Act provides that the Federal Government:

> shall be subject to, and comply with, all Federal, State, interstate, and local requirements, administrative authority, and process and sanctions respecting the control and abatement of water pollution in the same manner, and to the same extent as any nongovernmental entity including the payment of reasonable service charges.  The preceding sentence shall apply (A) to any requirement whether substantive or procedural (including any recordkeeping or reporting requirement, any requirement respecting permits and any other requirement, whatsoever), (B) to the exercise of any Federal, State, or local administrative authority, and (C) to any process and sanction, whether enforced in Federal, State, or local courts or in any other manner.

33 U.S.C. § 1323(a).  According to Plaintiff, by referring to "local requirements, administrative authority, and process" and "procedural" requirements, the statute subjects Defendant to all local requirements, including the administrative appeal procedures in Section 45-53(d)(7) of the Wilmington City Code.

The Wilmington City Code provides for the assessment of a "[s]torm water charge," defined as "the monthly charge for storm water management assessed to a parcel within the city based on the use of the parcel on the last day of the month of the billing period." Wilmington City Code § 45-53(a).  The Code further mandates that "[a]ll parcels that are within the city's corporate boundaries, shall be assessed a monthly storm water charge as per the provisions of this article." § 45-53(d).  The Wilmington City Code provides for an administrative appeal of the assessment as follows:

> An owner of a parcel for which a storm water charge has been assessed, **may** appeal for that parcel: (1) the calculation of the storm water charge; (2) the assigned storm water class; (3) the assigned tier, if applicable; and (4) the eligibility for a credit. The appellant must file the appeal in writing to the commissioner of the department of public works.
>
> The appellant shall submit a land survey prepared by a registered surveyor showing dwelling units, gross parcel area, total impervious area, type of surface material, as appropriate, and any other information that the commissioner shall

---

Pl.'s Mot 1-2.  Further, Plaintiff agrees that Defendant could introduce "technical, site-specific information" as "evidence to show that Wilmington's runoff coefficient for Vacant properties is an unfair approximation of Vacant properties' proportional contribution to stormwater."  Pl.'s Reply 15 n.5.

4

>specify. The commissioner may waive in writing the submission of a land survey. An appeal **may** be filed at any time, but **any adjustment to the assessment in favor of the appellant shall only be applied prospectively. No retroactive adjustments to the storm water charge will be made in favor of the appellant**.
>
>>a.  The burden of proof shall be on the appellant to demonstrate, by clear and convincing evidence the validity of the appeal.

§ 45-53(d)(7) (emphasis added).

Defendant failed to avail itself of the administrative appeal process provided by the Wilmington City Code. Because Plaintiff asserts that the Wilmington City Code mandated an appeal procedure which Defendant did not invoke, Plaintiff contends that Defendant violated the Clean Water Act. Due to Defendant's failure to utilize the Wilmington City Code appeal procedure, Plaintiff asks this Court to enter an extreme procedural ruling and hold that Defendant waived its right to address issues before this Court that it could have addressed in that administrative appeal. This Court rejects Plaintiff's claim that "[b]y failing to appeal the stormwater calculation, the owner loses the right to challenge the calculation of past charges." Pl.'s Br. 7. Such a draconian result is not dictated by the statutory framework here.

Although the Government is subject to local requirements, the Wilmington City Code does not require a property owner to pursue an administrative appeal. Rather, that appeal right is permissive. The Wilmington City Code clearly provides that a property owner "may" appeal an assessment. The Code does not suggest a party would waive its right to defend against an assessment if it did not utilize the administrative appeal process. Accordingly, the Clean Water Act does not preclude Defendant from challenging the assessment in this forum because it failed to invoke the Wilmington City appeal process.

In the alternative, Plaintiff invokes the exhaustion doctrine, which precludes "judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." McKart v. United States, 395 U.S. 185, 193 (1969) (internal quotation and citation omitted). Plaintiff contends that because Defendant failed to file an administrative appeal, Defendant cannot make arguments in this Court that it could have raised in such administrative appeal. This Court declines to apply the exhaustion doctrine in the manner Plaintiff suggests. Where "Congress has not clearly mandated the exhaustion of particular administrative remedies, the exhaustion doctrine is not jurisdictional, but is a matter for the exercise of 'sound judicial discretion.'" Maggitt v. West, 202 F.3d 1370, 1377 (Fed. Cir. 2000) (citing McCarthy v. Madigan, 503 U.S. 140, 146 (1992)). Here, the Wilmington City Code did not require that a property owner pursue an administrative appeal as a prerequisite to defending against or challenging the City's assessment in this Court.

Because Defendant was not required to pursue the City's appeal process, "[w]hether the doctrine of exhaustion should be invoked" is a matter for the Court's discretion and requires a case-by-case analysis of the competing interests of the parties. Maggitt, 202 F.3d at 1378. Invoking the exhaustion doctrine here would mean that a property owner's argument against the City's assessment of stormwater charges would "go unheard." Id. at 1377. Here, the Clean Water Act mandates that a property owner pay the City "reasonable" stormwater charges, and application of the exhaustion doctrine would bar the property owner—the United States—from challenging

5

the reasonableness of those charges in numerous respects. As such, Defendant would suffer serious prejudice in a manner not contemplated by the statute by being forced to pay whatever charges the City assessed without recourse.

Plaintiff asserts that invoking the exhaustion doctrine would further Plaintiff's interest in protecting its administrative authority and promote judicial economy because the administrative appeal process would have minimized the parties' litigation costs by "resolving factual details at the administrative level." Pl.'s Reply 11. While the City has articulated a legitimate interest that might prove to be paramount in some circumstances, that interest pales in comparison to Defendant's interest in being able to litigate the City's entitlement to the assessment. Additionally, the Wilmington administrative appeal would not have provided Defendant the remedy it seeks in this forum because the Wilmington City Code only grants prospective relief and does not permit parties to appeal fees that were already assessed. Wilmington City Code § 45-53(d)(7). Accordingly, the Court concludes that Defendant's interests outweigh Plaintiff's in this case, and declines to apply the exhaustion doctrine.[3]

**Plaintiff's Entitlement to Interest is Not Amenable to Judgment on the Pleadings**

Defendant contends that Plaintiff cannot recover interest because the United States has not waived its sovereign immunity with respect to claims for interest under the Clean Water Act. Plaintiff acknowledges the longstanding rule that the waiver of sovereign immunity "for pre- and post-judgment interest must be separate and distinct from the general waiver of sovereign immunity upon which the suit is based." Pl.'s Opp'n 2 (citing Marathon Oil Co. v. United States, 374 F.3d 1123, 1126-27 (Fed. Cir. 2004)). However, Plaintiff argues that the Clean Water Act unambiguously waives the United States' sovereign immunity regarding interest. The statute provides in relevant part:

> Each department, agency, or instrumentality of the executive, legislative, and judicial branches of the Federal Government (1) having jurisdiction over any property or facility, or (2) engaged in any activity resulting, or which may result, in the discharge or runoff of pollutants, and each officer, agent, or employee thereof in the performance of his official duties, shall be subject to, and comply with, all Federal, State, interstate, and local requirements, administrative authority, and

---

[3] Defendant also makes a sweeping argument that the exhaustion doctrine is inapplicable as a matter of law because "it is [Plaintiff] and not the United States that is seeking a judicial remedy." Def.'s Resp. 9 (citing Palladian Partners, Inc. v. United States, 783 F.3d 1243, 1255 (Fed. Cir. 2015)). Defendant's reliance on Palladian is misplaced, as Palladian did not question whether the exhaustion doctrine could be invoked against a Defendant. Moreover, the exhaustion doctrine may apply to matters sought to be raised as a defense, as well as to a plaintiff's direct claim. See, e.g., McGee v. United States, 402 U.S. 479, 485-86 (1971) (in criminal prosecution for failing to appear for draft induction, petitioner was prohibited from raising a defense that he was exempt from the draft as a conscientious objector, where he failed to exhaust administrative remedies); United States v. California Care Corp., 709 F.2d 1241, 1248-49 (9th Cir. 1983) (healthcare providers were foreclosed from raising defense against Government suit for return of Medicare overpayments due to their failure to exhaust administrative remedy for challenging the Government's overpayment determination).

6

> process and sanctions respecting the control and abatement of water pollution <u>in the same manner, and to the same extent as any nongovernmental entity including the payment of reasonable service charges.</u>
>
> * * *
>
> This subsection shall apply notwithstanding any immunity of such agencies, officers, agents, or employees under any law or rule of law.

33 U.S.C. § 1323(a) (emphasis added).

Although the question of whether Plaintiff can recover interest from the Federal Government is purely a legal issue, the Court declines to resolve the issue at this preliminary stage of proceedings as it raises a thorny issue of first impression in this Court. "A motion for judgment on the pleadings should be denied unless it appears to a certainty that [the nonmoving party] is entitled to no relief under any state of facts which could be proved in support of [its] claim." <u>Johns-Manville Corp.</u>, 12 Cl. Ct. at 14 (internal citations omitted).

Section 1323(a) of the Clean Water Act makes the Government "subject to" and requires it to "comply with" Federal, State, and local requirements "in the same manner, and to the same extent as any nongovernmental entity." Here, the United States is a property owner in the City of Wilmington subject to that locality's Code and is required to pay reasonable stormwater charges in the same manner and to the same extent as any nongovernmental entity.

Section 45-53 of the Wilmington City Code, which authorizes stormwater charges, is contained in Article II ("Sewers, Sanitary and Storm Water Rates and Charges") of Chapter 45 ("Utilities") of the Wilmington City Code. The interest provision, Wilmington City Code § 45-176(c), entitled "Water and sewer charges; interest, penalties and costs; limitation of actions," is contained in Article III, entitled "Water Supply and Service Regulations." The interest provision provides in relevant part that:

> if <u>any</u> water <u>facilities charges</u> or <u>water usage charges</u>, or <u>sewer system charges</u>, or any combination thereof, imposed pursuant to the provisions of this article and of article II of this chapter <u>are not paid when due . . . interest shall become due and payable as of the first day of each month on</u> the total amount of any such unpaid charges, but not including any penalties imposed, at the annual rate of 24 percent on the total amount of charges unpaid for up to one year and at the annual rate of 36 percent on the total amount of charges unpaid for more than one year . . .

Wilmington City Code § 45-176(c) (emphasis added).

The parties dispute whether this Code provision applies to the assessment at issue. Defendant contends that this provision "does not apply to storm water" related charges, which Defendant asserts are not "facilities charges," "water consumption," or "sewer charges." Def.'s Mot. 7-8. Plaintiff replies that "'[s]ewers' is a generic term that broadly encompasses conveyance of <u>both</u> of the referenced types of water – 'sanitary' wastewater (i.e., sewage) and storm water,"

and the Code permits interest to be assessed for stormwater charges against all property owners that fail to pay charges on time. Pl.'s Opp'n 9, 11.[4]

Given the parties' dispute as to whether stormwater charges under the Wilmington City Code § 45-53 constitute "water facilities charges or water usage charges, or sewer system charges, or any combination thereof" under Wilmington City Code § 45-176(c), and thus, are subject to interest on the unpaid stormwater charges at issue, Defendant's motion for judgment on the pleadings fails.

This Court recognizes that the United States District Court for the Northern District of New York found that the Clean Water Act does not permit the recovery of prejudgment interest against the United States. However, that Court was not called upon to address the language of the Clean Water Act requiring the Federal Government to be treated in the same fashion as nongovernmental entities, and the parties there did not dispute whether the interest provision of the local law applied to the charges at issue. New York State Dep't of Envtl. Conservation v. U.S. Dep't of Energy, 772 F. Supp. 91, 93, 104-05 (N.D.N.Y. 1991) (granting partial motion to dismiss). To this Court's knowledge, no other federal court has addressed whether the Clean Water Act waives the Government's sovereign immunity with respect to interest.

## Conclusion

Plaintiff's motion for partial judgment on the pleadings is **DENIED**, and Defendant's motion for partial judgment on the pleadings is **DENIED**.

The parties shall file a joint proposed schedule for further proceedings by **March 23, 2018**. This schedule shall include deadlines for discovery, dispositive motions, as well as proposed trial dates, and the location of trial.

s/Mary Ellen Coster Williams
**MARY ELLEN COSTER WILLIAMS**
**Judge**

---

[4] Plaintiff also cites an internal Government memorandum, which it claims suggests the Navy and DOD believed that while "[i]nterest, penalties, or late fees" levied prior to the amendment of the Clean Water Act in January 2011, were not payable because the statute does not apply retroactively, interest levied subsequent to the amendment could be payable. In this memorandum, dated April 9, 2012 and entitled "Payment of Reasonable Stormwater Service Charges," the Navy's Deputy Director for Energy and Environmental Readiness advised Navy installations that:

> A stormwater fee, charge, or assessment found to be reasonable under these criteria is payable even if it denominated a tax. Note that Clean Water Act amendments are not retroactive; only those reasonable service charges assessed after January 4, 2011 may be paid by DoD facilities. Interest, penalties, or late fees levied after January 4, 2011 for stormwater charges assessed prior to January 4, 2011 are also not payable.

Pl.'s Opp'n Ex. A, at 2.